**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RAFAEL GARCIA SANCHEZ,

Petitioner,

v. Case No. 1:26-cv-01290 KWR-JMR

WARDEN, *Cibola County Correctional Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING MOTIONS**

THIS MATTER comes before the Court on Petitioner's three post-judgment motions:

- Motion for Review and Release (Doc. 10);
- Motion for Custody Release (Doc. 12)
- Motion to Enforce Judgment and Amended Petition (Doc. 14)

The Court granted in part Petitioner's habeas petition and ordered Respondents to hold an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk and danger to the community. The immigration judge noted in his written order as follows:

> The Respondent entered the US without inspection in September of 2002. The Respondent has approximately four arrests for charges relating to DWI Driving While License Suspended, Possession of Marihuana, Speeding, and Careless Driving from dates ranging from 2015-2020. The Court finds that Respondent is both a danger to the community as well as a flight risk due to the Respondent's criminal history, incomplete sponsor information, and manner of entry

Doc. 8-1 at 1.

In his first motion, he asserts he should be released so he can support his family. *See* Doc. 10. In his second motion, he appears to assert that (1) he should not be mandatorily detained and (2) he challenges the immigration judge's flight risk and dangerousness determination. *See* Doc. 12. In his final motion, it appears he filed an amended petition, asserting that he should not be mandatorily detained under § 1225(b), but he should instead be detained under § 1226(a). For the reasons stated below, the Court **DENIES** Petitioner's Motions.

First, Petitioner asserts that he should be released because he needs to support his family. But he fails to explain why the Court may release him on this basis.

Second, it appears that he challenges the immigration judge's flight risk and dangerousness determination. The Court concludes it lacks jurisdiction as he challenges the immigration judge's flight risk or dangerousness determination. The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney

General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction."). The Supreme Court explained that "§ 1226(e) precludes an alien from challenging a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings*, 583 U.S. at 296 (cleaned up). However, it "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Id.* (cleaned up). Here, Petitioner clearly challenges the immigration judge's discretionary bond decision, which is barred by § 1226(e). He asserts that he is not a flight risk or danger to the community. But as noted above, the immigration judge made sufficient findings in support of his decision.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (unpublished). Petitioner does not assert or identify any constitutional violations at his bond hearing.

Finally, Petitioner asserts an amended petition. He asserts that he should not be mandatorily detained under § 1225(b) and is instead entitled to a bond hearing under § 1226(a). Generally, to the extent Petitioner attempts to assert an amended petition, he must satisfy both (1) Rule 15 and (2) Rule 59 or Rule 60. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087

(10th Cir. 2005); *see also BLOM Bank SAL v. Honickman,* 145 S. Ct. 1612, 1619, 221 L. Ed. 2d 850 (2025). Petitioner does not demonstrate he is entitled to relief under Rule 15, Rule 59, or Rule 60.

Even assuming the Court ignored the above standards, Petitioner's ground for relief in his amended petition (Doc. 14) is not meritorious. Petitioner asserts that his detention without a bond hearing violates due process and the APA. But he is not currently being mandatorily detained under § 1225(b), as the Court ordered that he receive a bond hearing under § 1226(a). The immigration judge held a bond hearing and issued findings explaining why he believed Petitioner was a flight risk and danger to the community.

**IT IS THEREFORE ORDERED** that Petitioner's Motions (Docs. 10, 12, and 14) are **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE